UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES G. H., an Individual,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 2:19-10388 ADS<br><br><br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

I.  **INTRODUCTION**

　　　Plaintiff Frances G. H.[1] ("Plaintiff") challenges Defendant Kilolo Kijakazi[2], Acting Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Complaint, and thus the docket caption, do not name the current Acting Commissioner. The parties list Andrew M. Saul as the Commissioner in the Joint Stipulation. On July 9, 2021, Kijakazi became the Acting Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

of her application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. FACTS RELEVANT TO THE APPEAL

Plaintiff protectively filed for DIB on November 15, 2016, stating that the following conditions limited her ability to work: "neck pain with nerve damage; both hands carpal tunnel; wrist joint pain; left and right shoulder pain; right shoulder torn rotator cuff; anxiety with depression/panic attacks; obesity; bilateral medical and lateral elbow pain; bilateral knee pain; and difficulty sleeping. (Administrative Record "AR" 73-74). When asked at the Administrative hearing what prevents her from working, Plaintiff testified of the following conditions: pain in her neck to her shoulders with nerve damage, pain in her elbows and pain in her hands. (AR 45, 52-54). Plaintiff further testified, and submitted medical records confirm, that she had rotator cuff surgery for her right shoulder, surgery on her left elbow and surgeries on both hands for carpal tunnel. (AR 57, 63-64). Plaintiff described that she continues to have problems with her hands even after surgeries on both hands in that when she picks something up, she feels like it she is going to drop it and it will fall. (AR 64-65). She testified that she could maybe lift seven pounds and that when she gets a glass of water, she has to use both hands to hold the glass. (Id.).

A vocational expert, Paul Ramirez, testified at the hearing that if Plaintiff's assessed residual functional capacity included a limitation to "occasionally handle and finger and feel" that would eliminate the jobs he had assessed as possible, namely salesclerk, receptionist, sales attendant and medical records clerk. (AR 68-70).

III. **PROCEEDINGS BELOW**

    A. **Procedural History**

Plaintiff filed an application for DIB on November 15, 2016, alleging a disability onset date of April 20, 2012. (AR 168-71, 73-74). Plaintiff's claims were denied initially on March 22, 2017 (AR 90, 107-11) and upon reconsideration on May 30, 2017 (AR 106, 115-19). Thereafter, on June 15, 2017, Plaintiff filed a request for an administrative hearing. (AR 120-21). A hearing was held before ALJ Henry Koltys on August 28, 2018. (AR 41-72). Plaintiff, represented by counsel, appeared and testified at the hearing. Also appearing and testifying at the hearing was vocational expert Paul Steve Ramirez. (Id.).

On November 26, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[3] (AR 20-35). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on October 2, 2019. (AR 164-67). Plaintiff then filed this action in District Court on December 6, 2019, challenging the ALJ's decision. [Docket "Dkt." No. 1].

On June 29, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 24, 25]. The parties filed a Joint Stipulation on December 4, 2020. [Dkt. No. 32]. The case is ready for decision.[4]

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[4] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 19, 21].

**B. Summary of ALJ Decision After Hearing**

In the decision (AR 20-35), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity during the period from her alleged onset date of April 20, 2012 through her date last insured of December 31, 2017. (AR 22). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) right rotator cuff tear with tendonitis, status post right rotator cuff surgical repair; (b) bilateral carpal tunnel syndrome, status post bilateral carpal tunnel releases; (c) bilateral epicondylitis of the elbows, status post left lateral epicondylar debridement; (d) left knee osteoarthritis, status post left knee partial medical meniscectomy; and (e) cervical degenerative disc disease. (AR 22). At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (AR 24).

---

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform light work as defined in 20 C.F.R. §§ 404.1567(b)[7,] with no exceptions. (AR 24). At **step four**, the ALJ found that Plaintiff is capable of performing her past relevant work as a salesclerk, a receptionist, a sales attendant, and a medical records clerk. The ALJ found that "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 34). As such, the ALJ did not proceed to step five and determined that Plaintiff had not been under a disability, as defined in the Social Security Act, at any time from April 20, 2012, the alleged onset date, through December 31, 2017, the date last insured. (AR 35).

## IV. ANALYSIS

### A. Issues on Appeal

Plaintiff raises three issues for review: (1) whether the residual functional capacity finding accounted for the limitations caused by all severe impairments; (2) whether the evaluation of subjective allegations was legally sufficient; and

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §416.945(a)(1).

[7] "Light work" is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

(3) whether the step four determination was based on legally sufficient findings. [Dkt. No. 32 (Joint Stipulation), 5].

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not

substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

### C. The ALJ Failed to Properly Evaluate Plaintiff's Claimed Limitations in the Assessed Residual Functional Capacity

Plaintiff contends that the ALJ erred in failing to include limitations from Plaintiff's severe impairments in the RFC determination, despite crediting medical source statements that would preclude the manipulative activities required of all of the past work cited at step four.

As noted, the ALJ found that Plaintiff had the following severe impairments at step two: (a) right rotator cuff tear with tendonitis, status post right rotator cuff surgical repair; (b) bilateral carpal tunnel syndrome, status post bilateral carpal tunnel releases; (c) bilateral epicondylitis of the elbows, status post left lateral epicondylar debridement; (d) left knee osteoarthritis, status post left knee partial medical meniscectomy; and (e) cervical degenerative disc disease. (AR 22). The ALJ then found that Plaintiff had the RFC to perform light work, with no exceptions. (AR 24). In other words, despite finding that Plaintiff had severe impairments of bilateral carpal tunnel syndrome, right rotator cuff tendonitis and bilateral epicondylitis of the elbows, the ALJ included no restrictions with regard to handling or fingering in Plaintiff's assessed RFC.

Given the significant testimony of Plaintiff concerning her fingering and handling restrictions, as well as the medical records of Plaintiff's history of procedures and care for her shoulders, elbows and hands, the ALJ should have specifically addressed why handling and fingering manipulative limitations were not included in Plaintiff's RFC in

the ALJ's decision. (AR 24-34). Accordingly, the Court agrees and finds that the ALJ failed to properly evaluate or consider Plaintiff's limitations in her upper extremities, as noted in the medical records and testified to by Plaintiff.

A residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the case record. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017). "The ALJ must consider both the medical evidence and 'descriptions and observations of [the claimant's] limitations from [the claimant's] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by' the claimant, family, friends, and other people. [20 C.F.R.§ 416.945(a)(3)] The RFC assessment must '[c]ontain a thorough discussion and analysis of the objective medical and other evidence, *including the individual's complaints of pain and other symptoms* and the adjudicator's personal observations, if appropriate.' [SSR 96–8p, 61 Fed. Reg. at 34478 (emphasis added).] In other words, the ALJ must take 'the claimant's subjective experiences of pain' into account when determining the RFC. [Garrison v. Colvin, 759 F.3d 995, 1011 (9th Cir. 2014)(emphasis added)]." Laborin, 867 F.3d at 1153.

As set forth above, Plaintiff's medical records and testimony make numerous references to limitations in her upper extremities. The ALJ was required to consider this evidence in assessing Plaintiff's RFC. See Robbins v. Soc. Sec. Admin., 466 F.3d at 883; Laborin v. Berryhill, 867 F.3d at 1153. The ALJ's decision failed to include a specific discussion of whether Plaintiff's RFC should include functional limitations. This lack of discussion or analysis of any upper extremity limitation by the ALJ is particularly

problematic, given that the vocational expert, Paul Ramirez, testified at the hearing that if Plaintiff's assessed RFC included a limitation to "occasionally handle and finger and feel" that would eliminate the jobs he had assessed as possible. (AR 68-70). Accordingly, the Court finds that the ALJ committed legal error in failing to address Plaintiff's allegations of upper extremity limitations.

### D.    The Court Declines to Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); see also Alderman v. Colvin, 2015 WL 12661933, at *8 (E.D. Wash. Jan. 14, 2015) (remanding in light of interrelated nature of ALJ's decision to discount claimant's credibility and give appropriate consideration to physician's opinions, step-two findings, and step-five analysis); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."). Because it is unclear, in light of these issues, whether Plaintiff is in fact disabled, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495; Bunnell, 336 F.3d at 1115-16. The parties may freely take up all issues raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

### E.    Remand For Further Administrative Proceedings

Remand for further administrative proceedings, rather than an award of benefits, is warranted here because further administrative review could remedy the ALJ's errors. See Brown-Hunter, 806 F.3d at 495 (remanding for an award of benefits is appropriate

in rare circumstances). The Court finds that the ALJ failed to properly evaluate Plaintiff's asserted upper extremity limitations. On remand, the ALJ shall properly review and evaluate evidence of Plaintiff's upper extremity limitations and reassess Plaintiff's RFC. The ALJ shall then proceed through steps four and five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V. ORDER

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order. Judgement shall be entered accordingly.

DATE: July 26, 2021

                        /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge